# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

**UNITED STATES OF AMERICA**                          §

**v.**                          §                          **CRIMINAL  No. 6:94cr17**

**DONNIE CARNELL BAULKMON**          §

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 6, 2006, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Donnie Carnell Baulkmon. The government was represented by Greg Marchessault , Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Court appointed counsel, Ken Hawk.

Defendant originally plead guilty to unlawful possession of a firearm, a Class C felony for which U.S. District Judge William M. Steger sentenced Defendant to 115 months followed by 3 years supervised release.  On August 23, 2002, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release Defendant was prohibited from: committing another federal, state, or local crime, and consuming or possessing any alcoholic beverages.  Further, Defendant was required to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.  The government alleges that Defendant violated these conditions by committing the offense of driving while intoxicated in Smith County, Texas on July 6, 2003, and driving while intoxicated in Van Zandt County, Texas on August 5, 2005. The government also alleges that Defendant failed to notify his probation officer within seventy-two

1

hours of the August 5, 2005 arrest, and that Defendant possessed and consumed alcoholic beverages on August 5, 2005.

If the Court finds by a preponderance of the evidence that Defendant committed any of these violations, a sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3).  Pursuant to U.S.S.G. § 7B1.1(a), these violations constitute Grade C violations, for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(2).  Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.3(a)(2).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true in exchange for the government's recommendation that Defendant serve 11 months in prison with no supervised release to follow.  However, the parties could not agree whether that sentence should run concurrently with Defendant's state sentence or consecutively to that sentence.

U.S.S.G. § 7B1.3(f) is a policy statement which provides that, "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." As a policy statement, the Court must consider the terms of U.S.S.G. § 7B1.3(f), but this provision is only advisory. *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254,1256 (10th Cir. 2006) ("Like the post-*Booker* Guidelines, policy statements regarding supervised release are advisory in nature.");*U.S. v. Headrick*, 963 F.2d 777, 780 (5th Cir. 1994) (Holding that "courts must consider the policy statements contained in Chapter 7 of the Guidelines when sentencing a defendant upon revoking his supervised release, but that these policy statements are advisory only.").  In this case, Defendant failed to show

2

that the Policy Statement should not be followed, and the Court sees no reason that the two terms of imprisonment should not run consecutively. *See Rodriguez-Quintanilla,* 442 F.3d at 1258 *citing United States v. Urcino-Sotello*, 269 F.3d 1195, 1197 (10th Cir. 2001) (Finding that Defendant bears the burden of demonstrating that the Court should exercise its discretion to impose concurrent sentences in spite of the policy statement.).

Accordingly, pursuant to the Sentencing Reform Act of 1984 the Court RECOMMENDS that Defendant, Donnie Carnell Baulkmon, be committed to the custody of the Bureau of Prisons for a term of 11 months with no supervised release to follow.  This term of imprisonment is to run consecutively to Defendant's term of imprisonment imposed by the state.

**So ORDERED and SIGNED this 7th day of July, 2006.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3